

# THE ATTORNEY GENERAL
## OF TEXAS

Grover Sellers
~~ATTORNEY GENERAL~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Geo. H. Sheppard
Comptroller of
Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-6705

Re: Construction of S.B. 317 and H.B. No. 173, departmental appropriation bill and higher institutions of learning appropriation bill, respectively, 49th Legislature, concerning the employment of husband and wife.

You request an opinion from this Department in the following letter:

"I shall thank you to examine Subsection 19 of Section 2 of Senate Bill No. 317, Acts of the Regular Session of the 49th Legislature, known as the Departmental Appropriation Bill, and advise this department whether it is permissible for a husband and wife to work for the State on and after September 1 of this year.

"You will notice that the present Departmental Appropriation Bill carries the following exception:

"'It is further provided that the foregoing provisions restricting employment of both husband and wife shall not apply to any persons who were employed and receiving compensation from the State at any time during the month of January, 1941.'

"This exception is not carried forward in the Departmental Appropriation Bill for the ensuing biennium.

"We have a fact situation as follows: A man and his wife have been working for the State in different departments for a long number of years. Their employment has been continuous. They each desire to continue work for the State after September 1, and it is the desire of the department heads to keep them in their present positions. Will it be possible for both of these people to continue work for the departments in which they are now employed on and after September 1 of this year?

"You will notice that Subsection 18 of Section 2 of the Act fixing the appropriation for educational institutions for higher learning for the ensuing biennium has to do with employment of husband and wife for the various educational institutions. Will it make any difference whether the husband or wife in either instance iw working for a department or for an institution of

higher learning as far as his or her employment is concerned after September 1 of this year?

"I find no restriction against the employment of husband and wife in the Appropriation Bill for the support and maintenance of the eleemosynary institutions for the ensuing biennium. Would it be permissible for one spouse to work for a State department and the other to work for the eleemosynary institutions?"

For convenience sake we have numbered the paragraphs of your letter, stating the respective questions propounded by you.

Subsection 19 of Section 2 of Senate Bill No. 317, insofar as pertinent, is as follows:

"None of the foregoing appropriations for salaries shall be paid or warrants issued therefor by the State Comptroller to any employee until the employee shall have filed with the head of the department in which he or she is employed an affidavit showing his or her marital status, and if married, whether or not the spouse of such employee is also employed in one of the Departments of this State and the name of the Department where such spouse is employed, together with the name of such spouse; the head of such department, in addition to the statutory affidavit now required to be attached to all payrolls, shall also set forth in the payroll affidavit that all of his employees have made the required affidavit and also set forth the facts of any said relationship employment as disclosed by said employees' affidavit, together with the name of the department where such spouse is employed, and if such relationship employment does not exist then said affidavit shall so state, and the head of the department and the State Comptroller shall not approve for payment or issue warrants or checks for salaries to either the husband or wife where both said husband and wife are employed in the departments of this State subject, however, to the following provisions. ***

"The provisions herein shall apply to department heads and members of Commissions but not to the manager and matron of the Goree State Farm. The word 'department' as used herein shall mean those departments named in this Act and the Soil Conservation Board and shall not apply to other agencies of this State and the employees employed thereby."

Subsection 18 of the general provisions of House Bill 173, insofar as pertinent, is as follows:

"It is provided that none of the funds appropriated herein shall be paid to a husband and wife, both of whom are employed by any of the several institutions named herein."

We find no exceptions to either of these respective provisions comparable to the one quoted by you from the current departmental appropriation act.

These prohibitory provisions are plain and unambiguous.

It is our opinion that your questions should be answered, respectively, as follows:

1. It will be impossible for both of these people—husband and wife—to continue to work for the departments in which they are employed, or any other of the departments provided for in Senate Bill No. 317.

2. The clear meaning of the respective riders is that husband and wife may not both be employees of any of the State departments at the same time, and likewise they may not both be employees of any of the higher educational institutions at the same time. There is nothing, however, forbidding their being employed, respectively, by a department and an educational institution at the same time.

3. It would be permissible for one spouse to work as an employee for a State department and the other to work as an employee for an eleemosynary institution, or an educational institution, as given in our answer to question No. 2.

Our answer to question 2 is subject to this qualification. Subsection (11) of the general provisions contained in House Bill No. 173, fixing appropriations for educational institutions of higher learning, expressly provides:

"The general provisions made in this Act shall not apply to athletic or extramural departments, and as to these exceptions, the governing board shall make such necessary rules and adjustments as may be deemed advisable."

This exception would apply to the general provision of Subsection (18) concerning the employment of husband and wife.

APPROVED JUL 24, 1945   Very truly yours
/s/ Carlos C. Ashley   ATTORNEY GENERAL OF TEXAS
FIRST ASSISTANT ATTORNEY GENERAL By /s/ Ocie Speer
APPROVED: OPINION COMMITTEE  Ocie Speer, Assistant
BY:  BWB, CHAIRMAN

OS-MR:wb